**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOE NATHAN HOMER,

    Plaintiff,

  v.

CREEK COUNTY COURT,

    Defendant.

No. C 07-02397 WHA

**ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiff Joe Nathan Homer filed this action against defendant Creek County Court of Salupa, Oklahoma in federal court on May 3, 2007, along with an application to proceed *in forma pauperis*. Homer alleges that his deceased parents were swindled out of some land in Oklahoma that his father had owned since 1898. Plaintiff seeks to recover the land and the accompanying mineral rights and revenues. This Court does not have subject-matter jurisdiction over this action because it does not arise under federal law. Accordingly, Homer's application to proceed *in forma paurperis* is **DENIED**, and this action must be **DISMISSED**.

\*        \*        \*

Homer alleges that his father, Emmett Homer, was granted some land by the United States government at some time around 1898. It appears from the complaint that Homer's parents were introduced to a guardian who purported to sell the land for them but failed to compensate them adequately. The Homers lost the land and any mineral rights and revenues generated therefrom. It is unclear when these events happened, although Homer alleges that his

1  father received the land in 1898, and died in 1965.  The land in question is located in the state of

2  Oklahoma.   It appears that all events related to the Homer's loss of their land occurred in

3  Oklahoma as well.

4  "Whenever it appears by suggestion of the parties or otherwise that the court lacks

5  jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

6  Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, and

7  treaties of the United States." 28 U.S.C. 1331.  A claim arises under federal law if federal law

8  creates the plaintiff's claim, or if state law creates the claim and federal law creates a necessary

9  element of the plaintiff's state law claim. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478

10  U.S. 804, 808–09 (1986).

11  Homer alleges that this Court has jurisdiction over his claims because they arise under

12  the laws of the United States.  Homer's claims are best characterized as a land dispute, or

13  possibly a claim for common-law fraud against those responsible for taking his parents' land.

14  These claims simply do not arise under the laws of the United States.  It is true that Homer has

15  alleged that his father received the land as part of a grant from the federal government.  The

16  mere grant of land pursuant to a federal program, however, does not by itself present a federal

17  question for subject matter jurisdiction purposes. *See Virgin v. County of San Luis Obispo*, 201

18  F.3d 1141, 1143 (9th Cir. 2000).  Homer's situation is unfortunate, but his claims simply

19  present no federal question.  Accordingly, this Court lacks jurisdiction over his claims, and this

20  action must be **DISMISSED**.  Homer's application to proceed *in forma paurperis* is **DENIED**.

21  Plaintiff is advised that he may appeal the dismissal of this action to the United States

22  Court of Appeals for the Ninth Circuit but must file a notice of appeal within 30 days of the

23  entry of judgment against him.  He must also timely file comply with all procedural

24  requirements of that court.

25  **IT IS SO ORDERED.**

27  Dated: August 27, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE